# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| COLUMBUS McKINNON CORP., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-1125 |
| ANDREW F. GAFFEY, JR., *et al.*, Defendants. | § § § | |

## MEMORANDUM AND ORDER

The issue in this CERCLA[1] case is whether a "potentially responsible party" can seek pursuant to § 107(a) of CERCLA to recover from another "potentially responsible party" the costs of responding to contamination on the plaintiff's property. The issue is presented, together with a statute of limitations based challenge to Plaintiffs' state law claims, through the Motions to Dismiss filed by Defendant Paul E. Miller [Doc. # 14], by Defendant Andrew G. Everett [Doc. # 18], and by Defendants Andrew F. Gaffey, Jr. and Rosemary Gaffey [Doc. # 21]. The motions have been fully briefed, and additional briefing was submitted at the Court's request. Based on the Court's review of the full record and the application of governing legal authorities, the Court

---

[1] Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-75.

dismisses Crane Equipment & Service, Inc.'s CERCLA claim and dismisses the pendent state law claims. Columbus McKinnon Corporation's CERCLA claim remains pending.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Columbus McKinnon Corporation ("Columbus McKinnon") is a corporation that owns Plaintiff Crane Equipment & Service, Inc. ("Crane"). Crane is the current owner and operator of real property in Montgomery County, Texas. Plaintiffs allege that the property is "contaminated with solid waste and other hazardous substances associated with the activities of the prior owners and operators of Crane's predecessor, Gaffey, Inc." *See* Plaintiffs' First Amended Complaint ("Complaint") [Doc. # 7], ¶ 9. Plaintiffs allege that Defendants Andrew Gaffey, Rosemary Gaffey, and Paul Miller are prior shareholders, directors, and managers of Gaffey, Inc. and that they are "responsible for the contamination" on the property. *Id.* Plaintiffs allege that Defendant Andrew Everett, an employee of Gaffey, Inc. who managed its facility in Fort Worth, Texas, was aware of the contamination on the property. *Id.*

In March 1997, Andrew Gaffey conveyed the property to Gaffey, Inc. Gaffey, Inc., the Gaffeys, and Miller then executed an Acquisition Agreement and Plan of Merger ("1997 Agreement") that provided for Gaffey, Inc. to merge into G.L. International Merger Corp. ("Merger Corp."), a wholly-owned subsidiary of G.L.

International, Inc. ("G.L. International").  Merger Corp. then changed its name to Gaffey, Inc.

In 1999, G.L. Delaware Inc., a wholly-owned subsidiary of Columbus McKinnon, merged into G.L. International, which then became a wholly-owned subsidiary of Columbus McKinnon.  G.L. International then merged into Gaffey, Inc.  *Id.*, ¶ 12.  In 2002, Gaffey, Inc. changed its name to Crane.  *Id.*, ¶ 13.

Plaintiffs allege that Defendants' employees buried a variety of solid waste and other hazardous substances in a number of pits on the property.  *Id.*, ¶ 16.  Plaintiffs allege that Defendants "had knowledge of, participated in, ratified, directed and/or instructed" their employees to bury or otherwise dispose of the hazardous materials on the property.  *Id.*, ¶ 18.

In 2000, Plaintiffs conducted a geophysical survey of the property which revealed two areas of contamination on the property.  *Id.*, ¶ 33.  Plaintiffs undertook to remove the hazardous materials in those two areas and have them disposed of in a proper manner.  *Id.*, ¶ 36.

In 2004, Plaintiffs conducted an additional investigation at the property and discovered many more areas of contamination.  *Id.*, ¶ 38.

Plaintiffs allege that they "have and will incur reasonable and necessary costs in investigating and remediating the contamination at the Site."  *Id.*, ¶ 43.

On April 4, 2006, Plaintiffs filed this lawsuit asserting a claim for response costs under § 107 of CERCLA and under the Texas Solid Waste Disposal Act. Plaintiffs also asserted fraud and fiduciary duty claims under Texas law. All Defendants have moved to dismiss Crane's CERCLA claim and to dismiss Plaintiffs' state law claims. The motions are now ripe for decision.

## II. STANDARD FOR MOTIONS TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004) (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). The complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *Id*. A claim may only be dismissed if the plaintiff is not entitled to relief under any set of facts or any possible theory of recovery that he could prove consistent with the allegations in his complaint. *Id*. (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

In deciding whether a claim should be dismissed, this Court must determine whether the complaint states a valid claim for relief when the pleading is construed in the light most favorable to the plaintiff and with every doubt resolved on the plaintiff's behalf. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The plaintiff's complaint must contain allegations of every material point necessary to

sustain recovery. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Statements that merely create a suspicion that the plaintiff may have a right of action do not foreclose a motion to dismiss. *Id*. Furthermore, legal conclusions, conclusory allegations, and unwarranted deductions of fact do not suffice to prevent dismissal. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003). If the plaintiff fails to allege a necessary element to obtain relief, then dismissal is proper. *Campbell*, 43 F.3d at 975. A motion to dismiss should also be granted when a successful affirmative defense appears on the face of the pleadings. *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

## III.   CERCLA CLAIMS

Plaintiffs assert a claim under CERCLA § 107(a). Rather than identify those parties that can sue under § 107(a), the statute provides that certain potentially responsible parties, including the owner and operator of a facility "shall be liable for – (A) all costs of removal or remedial action incurred by the United States Government or a State . . . ; (B) any other necessary costs of response incurred by any other person . . . .".[2] *See* 42 U.S.C. § 9607(a). CERCLA § 101(21) defines "person" to

---

[2]   Section 113(f), a separate section of CERCLA, allows "persons who have undertaken efforts to clean up properties contaminated by hazardous substances to seek contribution from other parties liable under CERCLA." *Cooper Indus., Inc. v. Aviall Serv., Inc.*, 543 U.S. 157, 160 (2004). A party may not bring a § 113 action unless it has been sued under § 106 or § 107(a). *Id.* at 161. Consequently, Plaintiffs could not and do not assert a claim under § 113.

include the United States Government, leaving "other person" in § 107(a)(4)(B) to refer to the other entities listed in § 101(21). Costs of response may include the expenses incurred in investigating and remedying the effects of a release of hazardous substances into the environment. *See Young v. United States*, 394 F.3d 858, 863 (10th Cir. 2005). One of CERCLA's primary goals is to "encourage private parties to assume the financial responsibility of cleanup by allowing them to seek recovery from others." *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 n.13 (1994).

Defendants move to dismiss Crane's § 107 CERCLA action because Crane, as a "potentially responsible party" ("PRP") under CERCLA, is not entitled to pursue a claim under § 107.[3] For many years, the law was well-established in this circuit and elsewhere that a PRP did not have a viable claim under § 107 of CERCLA. *See Bedford Affiliates v. Sills,* 156 F.3d 416, 423-424 (2d Cir. 1998); *Centerior Serv. Co. v. Acme Scrap Iron & Metal Corp.,* 153 F.3d 344, 349-356 (6th Cir. 1998); *Pneumo Abex Corp. v. High Point, T. & D.R. Co.,* 142 F.3d 769, 776 (4th Cir. 1998); *Pinal Creek Group v. Newmont Mining Corp.,* 118 F.3d 1298, 1301-1306 (9th Cir. 1997); *New Castle County v. Halliburton NUS Corp.,* 111 F.3d 1116, 1120-1124 (3rd Cir.

---

[3] In the Complaint, Plaintiffs assert that Columbus McKinnon is not a PRP. *See* Complaint, ¶ 56. Defendants concede that, at this stage of the proceeding and without additional discovery, they cannot establish that Columbus McKinnon is a PRP. *See* Brief Regarding the CERCLA PRP Status of Plaintiff Columbus McKinnon Corporation [Doc. # 39], p. 1. As a result, Columbus McKinnon's § 107 claim is not subject to dismissal at this time.

1997); *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1496, and n. 7 (11th Cir. 1996); *United States v. Colorado & E.R. Co.,* 50 F.3d 1530, 1534-1536 (10th Cir. 1995); *United Technologies Corp. v. Browning-Ferris Industries,* 33 F.3d 96, 98-103 (1st Cir. 1994); *Amoco Oil Co. v. Borden, Inc.*, 889 F.2d 664, 672 (5th Cir. 1989) (stating that when one PRP sues another PRP, "the action is one for contribution" under § 113 of CERCLA); *Marathon Oil Co. v. Texas City Terminal Ry. Co.*, 164 F. Supp. 2d 914, 918 (S.D. Tex. 2001) (Kent, J.) (citing *Clear Lake Properties v. Rockwell Intern. Corp.*, 959 F. Supp 763, 766 (S.D. Tex. 1997) (Kent, J.)); *Sea Lion, Inc. v. Wall Chem. Corp.*, 974 F. Supp. 589, 599 (S.D. Tex. 1996) (Atlas, J.) ("Given that Sea Lion is a PRP, a cost recovery action under Section 107 of CERCLA, 42 U.S.C. § 9607(a), is not viable.").

In 2004, the United States Supreme Court issued its decision in *Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157 (2004). After deciding that a private party may not maintain a CERCLA § 113 claim unless it had been sued under § 106 or § 107(a) of CERCLA, the Supreme Court noted that Aviall argued alternatively that it could pursue a § 107 claim even though it was a PRP. The Supreme Court declined to decide the issue.[4] The Supreme Court cited "numerous decisions of

---

[4]   Justice Ginsberg filed a dissenting opinion, in which Justice Stevens joined, that favored allowing a PRP to maintain a § 107 CERCLA action. *See Aviall*, 543 U.S. at 172-74.

the Courts of Appeals as holding that a private party that is itself a PRP may not pursue a § 107(a) action against other PRPs for joint and several liability." *Id.* at 169. The Supreme Court cited appellate decisions from the First, Second, Third, Fourth, Sixth Ninth, Tenth, and Eleventh Circuits. *Id.* (cases cited *supra*).

Subsequent to the Supreme Court's decision in *Aviall*, the law regarding whether a PRP can maintain a CERCLA § 107(a) claim has become less settled. The Second Circuit noted that it would be "impermissibly discouraging voluntary cleanup [if the Court were] to read section 107(a) to preclude [PRPs] from recovering necessary response costs." *Consolidated Edison Co. v. UGI Utilities, Inc.*, 423 F.3d 90, 100 (2d Cir. 2005)(*pet. for cert. filed* Apr. 14, 2006). Because such a result would undercut one of CERCLA's main goals, the Second Circuit held that a PRP may pursue a cost recovery claim under § 107(a). *Id.*

The Tenth Circuit, on the other hand, implicitly recognized that the law in that circuit remained that a PRP could not maintain a § 107 claim. That Court, assuming that the plaintiffs before it were not PRPs, stated that it would therefore not need to decide whether "Plaintiffs are PRPs under § 107(a) and thus unable to assert a cost-recovery claim under the rule in this Circuit that a Plaintiff-PRP must proceed under the contribution provisions of CERCLA § 113(f) when the Plaintiff-PRP sues another PRP for response costs." *Young v. United States*, 394 F.3d 858, 862 (10th Cir. 2005).

Very recently, the Fifth Circuit, in ruling on a § 113 claim before it, indicated that it would not allow a § 107(a) claim by a PRP. The Court stated that when one PRP sues another PRP under CERCLA, "the action is not a cost recovery action under § 107(a), and the imposition of joint and several liability is inappropriate." *Elementis Chromium L.P. v. Coastal States Petroleum Co.*, 450 F.3d 607, 613 (5th Cir. 2006) (internal quotations omitted).

Prior to the Supreme Court's decision in *Aviall*, it was clearly established that a PRP could not maintain a § 107(a) CERCLA claim. Based on that clear authority, the Supreme Court's express refusal in *Aviall* to decide the issue contrary to the prevailing authority, and the May 2006 statement of the Fifth Circuit in *Elementis* quoted above, the Court concludes, under the prevailing law at this time, that Crane as a PRP does not have a viable claim for cost recovery under § 107(a) of CERCLA. Defendants' motion to dismiss this claim is therefore granted.

## IV.   STATE LAW CLAIMS

Plaintiffs assert fraud and fiduciary duty claims under Texas law. These claims are subject to a four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.004. Plaintiffs also assert a claim under the Texas Solid Waste Disposal Act, which is also subject to a four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.051. Plaintiffs acquired the property in 1997, and this lawsuit was filed on

April 4, 2006. Plaintiffs argue that their state law claims are not time-barred because of the discovery rule.

Under Texas law, the discovery rule "defers the accrual of a claim until the plaintiff knew or, in the exercise of reasonable diligence, should have known of the wrongfully caused injury." *J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d 189, 196 (Tex. App. – Houston [14th Dist.] 2006, no pet.) (citing *Wagner & Brown, Ltd. v. Horwood,* 58 S.W.3d 732, 735 (Tex. 2001)). The discovery rule "only defers accrual of a claim until the plaintiff discovers, or should have discovered through reasonable diligence, the injury and that it was likely caused by the wrongful acts of another." *Id.* The inquiry focuses on when "the plaintiff, in the exercise of reasonable diligence, should have discovered the 'nature of his injury.'" *Id.* at 197 (quoting *Childs v. Haussecker,* 974 S.W.2d 31, 40 (Tex. 1998)).

It is undisputed that Plaintiffs discovered in 2000 that the property was contaminated. Plaintiffs argue, however, that they did not discover in 2000 the full extent of the contamination. The discovery rule does not extend accrual of a cause of action beyond the time Plaintiffs discovered or should have discovered the contamination. It is not an inquiry into the "plaintiff's subjective belief as to whether the injury could be remedied affordably" or whether plaintiff knew the full extent of its damages. *Id.* (citing *Schneider Nat'l. Carriers, Inc. v. Bates,* 147 S.W.3d 264, 279

(Tex. 2004) ("even when the discovery rule applies, accrual occurs upon notice of injury, even if the claimant does not yet know the full extent of damages or the chances of avoiding them")).

Assuming that the discovery rule applies in this case, it delays accrual of Plaintiffs' state law claims only until Plaintiffs discovered in 2000 that the property was contaminated. Consequently, the four-year statute of limitations for those state law claims expired well before Plaintiffs filed this lawsuit in 2006. Defendants' Motions to Dismiss the state law claims as time-barred is granted.

## V.   CONCLUSION AND ORDER

Crane is a PRP and cannot maintain a CERCLA cost recovery action under § 107. Plaintiffs' state law claims are barred by the four-year statute of limitations. Accordingly, it is hereby

**ORDERED** that Defendants' Motions to Dismiss [Docs. # 14, # 18, and # 21] are **GRANTED** as to Crane's CERCLA claim and as to Plaintiffs' state law claims. Columbus McKinnon's CERCLA claim remains pending.

SIGNED at Houston, Texas, this **16th** day of **August, 2006**.

_____
Nancy F. Atlas
United States District Judge