IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLUMBUS McKINNON CORP., *et al.*, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-06-1125 |
| ANDREW F. GAFFEY, JR., *et al.*, Defendants. | § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' Motion to Clarify [Doc. # 46] and Motion to Reconsider Dismissal of Plaintiffs' State Law Claims ("Motion to Reconsider") [Doc. # 50]. The Court grants the Motion to Clarify to the extent that the September 13, 2006, Dismissal Order constituted a Rule 58 final judgment in the case, and the Court denies the Motion to Reconsider.

## I.   PROCEDURAL BACKGROUND

In a Memorandum and Order [Doc. # 43] entered August 16, 2006 ("August 2006 Opinion"), the Court held that "Plaintiffs' state law claims are barred by the four-year statute of limitations" and, therefore, dismissed Plaintiff's state law claims. *See* August 2006 Opinion, p. 11. The Court also dismissed Plaintiff Crane's claim under

the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and noted that "Columbus McKinnon's CERCLA claim remains pending." *See id.*

In a separate, one-page "Dismissal Order" [Doc. # 45] entered September 13, 2006, the Court granted Columbus McKinnon's request for dismissal of its CERCLA claim. This claim was identified in the Dismissal Order as the "only claim remaining in this case."

On October 12, 2006, within thirty (30) days after entry of the Dismissal Order, Plaintiffs filed both the Motion for Clarification [Doc. # 46] and a Notice of Appeal [Doc. # 47]. The appeal fees were later paid. On October 24, 2006, after the Notice of Appeal was filed and the applicable fees were paid, Plaintiffs filed their Motion to Reconsider.

## II.    <u>MOTION TO CLARIFY</u>

Plaintiffs seek clarification regarding whether the September 13, 2006 Order was a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure. Rule 58 requires a final judgment to be (1) set forth on a separate document and (2) entered on the district court civil docket sheet. *See* FED. R. CIV. P. 58; *Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 368 (5th Cir. 2002). A decision is final where it completes consideration of the merits of the litigation and leaves nothing more

to be decided by the Court. *See Doleac v. Michalson*, 264 F.2d 470, 479 (5th Cir. 2001).

The Dismissal Order was a separate, one-page document that disposed of the only claim remaining in the case. The Dismissal Order was entered on the Court's docket. Although the Dismissal Order did not state that it was a final Rule 58 judgment and did not reference the previously dismissed claims specifically, at that point in the proceeding there remained nothing else for the Court to decide. As a result, the Court construes the Dismissal Order, entered September 13, 2006, as a final Rule 58 judgment.

The Court notes that Plaintiffs filed a timely Notice of Appeal within thirty days after entry of the Dismissal Order on September 13, 2006. The Court also notes that Defendants Andrew and Rosemary Gaffey in their Response to the Motion to Clarify take the position that the September 13, 2006 Dismissal Order was a Rule 58 final order. *See* Response [Doc. # 52], p. 2. Defendant Andrew Everett joined in the Gaffeys' Response. *See* Joinder [Doc. # 53]. As a result, Plaintiffs have voluntarily proceeded with a timely appeal, and Defendants take the position that the September 13, 2006 Dismissal Order satisfied the requirements of Rule 58. As a result, even if the Dismissal Order were construed as failing to qualify as a Rule 58 final order, the parties have waived any objection and the appeal may proceed. *See Baker v. Mercedes Benz*

*of N. America*, 114 F.3d 57, 60 (5th Cir. 1997); *American National Gen. Ins. Co. v. Jackson*, 37 Fed. Appx. 714 *1-*2 (5th Cir. May 29, 2002).

### III.   <u>MOTION TO RECONSIDER</u>

Plaintiffs filed their Notice of Appeal on October 12, 2006, and later filed their Motion to Reconsider on October 24, 2006. The filing of the Notice of Appeal divested this Court of jurisdiction over the matters raised in the appeal. *See Shepherd v. International Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004); *Winchester v. U.S. Attorney*, 68 F.3d 947, 949 (5th Cir. 1995) (citations omitted). The Fifth Circuit has often expressed a "preference that either [the Fifth Circuit] or the district court have exclusive jurisdiction over a given case at any given time: 'For obvious reasons, it makes little sense for two different courts to have the power to act on the same judgment at the same time, with the attendant risk that they will reach inconsistent conclusions and thus result in confusion and in a waste of judicial resources.'" *See Winchester*, 68 F.3d at 949 (quoting *In re Butler,* 2 F.3d 154, 157 (5th Cir. 1993)). As a result, the Court lacks jurisdiction to grant the Motion to Reconsider.

The Court, however, has jurisdiction to consider and deny the Motion to Reconsider. *See Shepherd*, 372 F.3d at 329; *Winchester*, 68 F.3d at 949 (citing *Travelers Ins. Co. v. Liljeberg Enters.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)). For the reasons stated in the Court's August 16 Opinion, Plaintiffs' state law claims are

time-barred. Any fraudulent concealment on Defendants' part would toll the accrual of Plaintiffs' state law claims only until Plaintiffs discovered in 2000 that the property was contaminated. Accordingly, for the reasons stated in the August 16 Opinion, the Court denies Plaintiffs' Motion to Reconsider.

### IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiffs' Motion to Clarify [Doc. # 46] is **GRANTED** only to the extent that the Court notes that the September 13, 2006 Dismissal Order satisfied the requirements of Rule 58. It is further

**ORDERED** that Plaintiffs' Motion to Reconsider [Doc. # 50] is **DENIED**.

SIGNED at Houston, Texas, this **14th** day of **November, 2006**.

Nancy F. Atlas
United States District Judge